Bret FOX, Plaintiff—Appellant,

v.

CITADEL COMMUNICATIONS COR-
PORATION, a Nevada corpora-
tion, Defendant—Appellee.

No. 03–35310.

D.C. No. CV–01–00306–JE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided May 14, 2004.

Richard C. Busse, Scott N. Hunt, Busse
& Hunt, Portland, OR, for Plaintiff–Appel-
lant.

Timothy S. Coon, Jill M. Szafranski, Ec-
kert, Seamans, Cherin & Mellott, Pitts-
burgh, PA, Donald H. Pyle, Paul M. Os-
troff, Lane Powell Spears Lubersky, LLP,
Portland, OR, for Defendant–Appellee.

Before REINHARDT, SILVERMAN,
and CLIFTON, Circuit Judges.

MEMORANDUM *

Bret Fox appeals the district court's
summary judgment, dismissing his claim
for intentional and reckless misrepresenta-
tion against his former employer Citadel
Communications Corporation. We have
jurisdiction pursuant to 28 U.S.C. § 1291
and affirm.

We review de novo a district court's
grant of summary judgment. *Universal
Health Servs., Inc. v. Thompson*, 363 F.3d
1013, 1019 (9th Cir.2004). Where there
must be clear and convincing evidence, a
genuine issue of material fact exists only if
a jury applying that standard could rea-
sonably find for the plaintiff. *Suzuki Mo-
tor Corp. v. Consumers Union of United
States, Inc.*, 330 F.3d 1110, 1131–32 (9th
Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct.
468, 157 L.Ed.2d 373 (2003).

Fox was required to come forward with
clear and convincing evidence: (1) that
there was a false representation; (2) that
it was made with the knowledge of, belief
of, or reckless indifference to it being
false; (3) that it was made intending that
he would rely on it; (4) that he actually
and justifiably relied on it; and (5) that he
suffered damages as a direct consequence
of this reliance. *See Webb v. Clark*, 274
Or. 387, 546 P.2d 1078, 1080 (1976). This
"evidence must be free from confusion . . .
[and] . . . the truth of the facts asserted
must be highly probable." *Riley Hill
General Contractor, Inc. v. Tandy Corp.*,
303 Or. 390, 737 P.2d 595, 605 (1987).

Without reaching the other elements of
his proof, we hold that Fox failed to pres-
ent sufficient evidence that he suffered
concrete damages. The proffered evi-
dence that he lost an employment opportu-
nity that would have been financially bene-
ficial to him was inadequate to support a
jury verdict on that question. The general
discussion Fox had about a possible invest-
ment in a car dealership was nothing more
than that. It lacked the specific terms and
definiteness required of a true offer, and
thus the specificity necessary to establish
actual damages.

AFFIRMED.

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Circuit Rule 36–3.